# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LOWELL KENTZ, | CASE NO. 1:07-cv-00518-OWW-SMS PC |
| Plaintiff, | FINDING AND RECOMMENDATION FOR DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |
| v. | |
| CURTIS LOGAN, | |
| Defendant. | (Doc. 11) |
| | OBJECTION DUE WITHIN THIRTY DAYS |

**Finding and Recommendation Following Screening of Second Amended Complaint**

**I.    Summary of Plaintiff's Claim**

Plaintiff Charles Lowell Kentz ("Plaintiff") is a federal prisoner proceeding pro se in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff filed this action on March 30, 2007. On April 12, 2007, Plaintiff filed an amended complaint and on August 2, 2007, Plaintiff filed a second amended complaint. Fed. R. Civ. P. 15(a).

In this action, Plaintiff is seeking money damages and equitable relief against Defendant Curtis Logan, who was a disciplinary hearing officer at Taft Correctional Institution during the period of time relevant to this action. Plaintiff alleges that Defendant violated the Due Process Clause of the United States Constitution when he "failed to provide the plaintiff with a written statement of reasons and the evidence used to find the plaintiff guilty of 'fighting with another person' for more than one year. (Doc. 11, pg. 1.)

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514.

## III. Plaintiff's Claim is Barred by the Habeas Termination Rule

In this instance, Plaintiff is challenging the events relating to the disciplinary hearing at which he was found guilty and assessed, in relevant part, a time credit forfeiture. Plaintiff is seeking expungement of the charge, in addition to damages. "[A] . . . prisoner's [civil rights] action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ([government] conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005); Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004); Edwards v. Balisok, 520 U.S. 641, 648 (1997). Because the finding of guilt at the disciplinary affected the length of Plaintiff's sentence, his claim is barred under Bivens until such time as he invalidates the result of the disciplinary hearing via the prison's administrative remedy process or a petition for writ of habeas corpus relief. Id.

///

**IV.     Conclusion and Recommendation**

Plaintiff's claim is barred by the habeas termination rule.  Therefore, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    April 16, 2008**                               /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE